## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

DAVID DAHMS                                                             PLAINTIFF

v.                                              CIVIL ACTION NO. 3:18-CV-P63-CRS

KENTUCKY DEPT. OF CORRECTIONS *et al.*                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of Plaintiff's amended complaint (DN 7) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

### I. PROCEDURAL HISTORY

Plaintiff's initial complaint was not filed on a Court-supplied § 1983 form. It consisted of 17 type-written pages and named 18 Defendants but failed to describe how each Defendant had violated Plaintiff's constitutional rights. Thus, the Court entered an Order directing Plaintiff to file an amended complaint on a Court-supplied § 1983 complaint form and to follow specific instructions when completing the form (DN 6). In the Order, Plaintiff was informed that his amended complaint would supersede his original complaint.

Plaintiff filed his amended complaint on May 16, 2018. Upon review of the amended complaint, the Court determined that certain claims and one party should be severed from the action and transferred to another district (DN 11, Memorandum and Order). Specifically, the Court determined that Plaintiff's claims based upon his back injury and the alleged failure of officials to diagnose and treat him at Eastern Kentucky Correctional Complex, as well as any

claims against Defendant Elam, should be severed from this action and transferred to the Eastern District of Kentucky. *Id*.

## II. SUMMARY OF REMAINING CLAIMS IN AMENDED COMPLAINT

With regard to the remaining claims before the Court, Plaintiff names the following as Defendants in this action - the Kentucky Department of Corrections (KDOC); KDOC Commissioner James Erwin; Correct Care Solutions, Inc. (CCS); "Betsy Ramey (APRN)"; Dr. Elton Amos; and "any other John or Jane Does."[1] Plaintiff sues Defendants Ramey and Amos in both their official and individual capacities, but does not state in what capacity he sues Defendant Erwin.

> Plaintiff asserts as follows:
>
> Each Defendant was negligent. On 9-19-17 I was admitted to University of Kentucky for a transforminal lumbar interbody fusion at L-4-5. The procedure went well but upon release [Defendant KDOC] was gave a treatment plan with specific instructions for medication, acetaminophen 325 me oral 2 tab every 4 hours, drazelam 5 mg oral 1 tablet every 4 hrs., docusate sodium 100 mg oral 1 cap 2 times day, Gabapenisin 300 mg oral capsule 1 cap 3x a day, oxycodone-acetaminophin 1 tab orally every 4 hours as needed moderate to severe pain. Medical records state Do not take any other medication except that is prescribed by surgeon. I was left in extreme pain until it finally subsided. I never received any of medication prescribed.
>
> Also each Defendant intentionally inflicted emotional distress and outrage by denying me the proper care of my surgeons.
>
> There were multiple grievances filed . . . I have exhausted administrative remedies by filing grievances.

It appears that Plaintiff's claims concerning the denial of prescribed medication occurred at Kentucky State Reformatory, where he has seemingly been incarcerated since his back surgery.

---

[1] Because Defendants Aaron Smith, Anna Valentine, Phillip A. Campbell, Dr. Manning, and Mike Haun were named in the initial complaint but not in the amended complaint, they will be terminated as parties to this action.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of revoking the medical licenses of the Defendant nurse and doctor named in the amended complaint.

### III. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### IV. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes Plaintiff's amended complaint as alleging that Defendants violated his rights under the Eighth Amendment by being deliberately indifferent to his serious medical needs.

### 1. Defendant KDOC

The Eleventh Amendment acts as a bar to Plaintiff's claim against the KDOC.[2] "The Eleventh Amendment 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.'" *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-47 (1993). Thus, "because Kentucky has not waived its Eleventh Amendment immunity and Congress has not abrogated state sovereign immunity under sections 1981 and 1983 . . .," Plaintiff's claim against the KDOC cannot proceed. *Sefa v. Kentucky*, 510 F. App'x at 437 (citing *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (recognizing that § 1983 claims against a state agency are barred by the Eleventh Amendment)). Plaintiff's claim against the KDOC must also be dismissed because the KDOC, as a state agency, is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### 2. Defendant Erwin

In the amended complaint, Plaintiff fails to state the capacity in which he sues Defendant Erwin. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Individual-capacity suits, in contrast, "seek to impose personal liability upon a

---

[2] The Eleventh Amendment provides that "[T]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

government official for actions he takes under color of state law." *Id*. The Sixth Circuit has held that "[section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, [the Court] look[s] to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id*. In the amended complaint, Plaintiff clearly indicates that that he intends to sue Defendants Ramey and Amos in their individual capacities, but Plaintiff does not so indicate with regard to Defendant Erwin. Thus, the Court construes the amended complaint as asserting only an official-capacity claim against Defendant Erwin.

Plaintiff's official-capacity claim against Defendant Erwin for damages must be dismissed as well. First, state officials sued in their official capacities for damages are absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. at 169 ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). In addition, when a state official like Defendant Erwin is sued in his official capacity for monetary damages, he is not a "person" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Accordingly, Plaintiff's official capacity claims against Defendant Erwin for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

### 3. Defendant CCS and the Remaining Official-Capacity Claims

As noted above, in addition to suing Defendant CCS, Plaintiff indicates that he is suing Defendants Ramey and Amos in their official capacities. Although Plaintiff does not indicate what entity employs these Defendants, for purposes of this initial review, the Court will assume

that they are employed by Defendant CCS. As noted above, official-capacity claims are deemed claims against a defendant's employer. Thus, Plaintiff's official-capacity claims against Defendants Ramey and Amos are deemed claims against Defendant CCS.

The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates) (citing *Monell v. Dep't of Soc. Servs.*, 436 US. 658 (1978)); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691*; Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."

7

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any of Defendant's actions occurred as the result of a policy or custom implemented or endorsed by Defendant CCS. Accordingly, the Court will dismiss Plaintiff's claim against Defendant CCS and his official-capacity claims against Defendants Ramey and Amos for failure to state a claim upon which relief may be granted.

### 4. Individual-Capacity Claims against Defendants Ramey and Amos

Upon review of the allegations contained in Plaintiff's amended complaint, the Court will allow Eighth Amendment individual-capacity claims to proceed against Defendants Ramey and Amos for allegedly failing to provide him his prescribed medications following back surgery.

### 5. Injunctive Relief

Plaintiff also requests injunctive relief in the form of revocation of the individual medical Defendants' licenses. However, the award and revocation of medical licenses is a matter for the Commonwealth of Kentucky. *See, e.g.*, Ky. Rev. Stat. Ann. § 311.565(1)(c) (the Kentucky Board of Medical Licensure may "[i]ssue, deny, suspend, limit, restrict, and revoke any licenses or permits that may be issued by the board"); Ky. Rev. Stat. Ann. § 314.091(1)(a) (the Kentucky Board of Nursing "shall have power to reprimand, deny, limit, revoke, probate, or suspend any license or credential to practice nursing issued by the board"). Here, Plaintiff "fails to show that 42 U.S.C. § 1983 is a viable legal vehicle to seek an order by a state agency to revoke a medical license of the type at issue or that this Court otherwise has jurisdiction over such a claim." *Ryals v. Aschberger*, No. H-09-1741, 2009 U.S. Dist. LEXIS 51445, at *9 n.1 (S.D. Tex.

June 18, 2009). For this reason, Plaintiff's claim for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### 6. John/Jane Doe Defendants

Finally, the Court observes that Plaintiff identifies "any other John or Jane Doe's" as Defendants in the caption of the amended complaint. However, Plaintiff does not indicate in what capacity these Defendants are being sued or make any specific allegations against them. Any official-capacity claim against these Defendants would fail for the reasons stated above. And, any individual-capacity claims against them fail because the amended complaint does not describe how any John or Jane Doe Defendant was personally involved in the allegedly unconstitutional actions taken against Plaintiff. As such, the Court will dismiss the John/Jane Doe Defendants for failure to state a claim against them upon which relief may be granted. *See, e.g.*, *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints."); *Hendricks v. Welch*, No. 2:14-cv-1355, 2015 U.S. Dist. LEXIS 73139, at *20-21 (S.D. Ohio June 5, 2015) (dismissing the John/Jane Doe Defendants because the complaint did not indicate how they were personally involved in the alleged unconstitutional conduct).

### B. State-Law Claims

Upon review, the Court will allow Plaintiff's state-law claims of negligence and intentional infliction of emotional distress to proceed against Defendants CCS, Ramey, and Amos.

The Court will, however, dismiss Plaintiff's state-law claims against Defendant KDOC and Defendant Erwin in his official capacity for failure to state a claim upon which relief may be granted because the sovereign immunity afforded by the Eleventh Amendment extends to state-law claims. *See, e.g.*, *Ferry v. Ky. Cabinet for Health & Family Servs.*, 3:17-cv-00525-TBR, 2018 U.S. Dist. LEXIS 17431, at *5-7 (W.D. Ky. Feb. 2, 2018).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendant KDOC and Commissioner Erwin are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Defendant CCS, his 42 U.S.C. § 1983 official-capacity claims against Defendants Ramey and Amos, his claim for injunctive relief, and his claims against the John/Jane Does are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to terminate the following as parties to this action: the Kentucky Department of Corrections, James Erwin, Aaron Smith, Anna Valentine, Phillip A. Campbell, Dr. Manning, Mike Haun, and "the John and Jane Does."**

The Court will allow Plaintiff's Eighth Amendment deliberate indifference claims brought to proceed against Defendants Ramey and Amos in their individual capacities and Plaintiff's state-law claims of negligence and intentional infliction of emotional distress to

10

proceed against Defendants CCS, Ramey, and Amos. In allowing these claims to proceed, the Court passes no judgment on the merits of the claims or ultimate outcome of this action.

The Court will enter an Order Directing Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: July 5, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.011